# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GLENDA M. WILSON,

    Plaintiff,

vs.                                                              CIVIL NO. 99-1166 RLP/DJS

PIONEER WEAR, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the court on the Plaintiff's Motion to Amend the Complaint to Add Additional Corporate Defendant and Owner **(Docket No. 27)**, the court having read the motion, the memoranda in support of and in opposition to the motion and otherwise being fully advised of the facts and the law, finds that the motion is not well taken and will be **denied.**

## FACTUAL BACKGROUND

Plaintiff was employed as a production manager with Defendant, Pioneer Wear, Inc., for approximately 15 years. She was laid off on April 23, 1999. In February 1999, Plaintiff became afflicted with Post-Polio Syndrome and Reflex Sympathetic Dystrophy. Plaintiff alleges the Defendant engaged in unlawful employment practices in violation of the Americans With Disabilities Act and the New Mexico Human Rights Act. See Complaint at ¶ ¶ 15, 16, 17 and 34 (Docket No. 1).

## DISCUSSION

Whether to grant or deny leave to amend is in the sound discretion of the court.

*First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.,* 820 F.2d 1127, 1132 (10th Cir. 1987); *Triplett v. LeFlore County, Oklahoma,* 712 F.2d 444, 446 (10th Cir. 1983). Fed.R.Civ.P. 15(a) states that leave to amend "shall be freely given when justice requires." "[T]his mandate is to be heeded". *Foman v. Davis,* 371 U.S. 178, 182 (1962). The Supreme Court in the context of a motion to amend a complaint, has delineated the analytical framework a district court must apply to Rule 15(a) questions:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of an allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given." *Foman, 371 U.S. at 182;* see also *Hom v. Esquire,* 81 F.3d 969, 973 (10th Cir. 1996).

If any one of the *Foman* factors exist, a court has grounds for denial of a leave to amend. The Defendant argues two grounds to deny the motion to amend. First, the Plaintiff was tardy in raising the claim that two additional defendants should be added to this action. Second, the theories alleged against the two additional defendants are not well grounded and are therefore, futile. The court finds there has been undue delay in requesting an amendment to add the additional defendants and, therefore, will deny the motion on that basis. The court does not reach the issue as to whether it would be futile to allow the amendment.

This matter was filed on October 8, 1999. Discovery has been completed and was closed on May 15, 2000. Although discovery was closed the parties agreed among themselves to conduct a final deposition on May 17, 2000. The non-jury trial of this matter

is set for September 25, 2000.

Motions to amend the pleadings which materially alter the theories upon which the case will be tried should be denied when made after the close of discovery and shortly before trial. *Williams v. Littlerock Municipal Water Works,* 21 F.3d 218 (8th Cir. 1994); *CL-Alexanders Laing & Cruickshank v. Goldfeld,* 739 F.Supp. 158 (S.D. N.Y. 1990). When a motion to amend is made after a substantial delay, the burden is on the moving party to establish a reason necessitating the amendment. *CL-Alexanders Laing & Cruickshank,* 739 F.Supp at 158; *Bleiler v. Cristwood Contracting Co.,* 868 F.Supp. 461 (D. Conn. 1994), aff'd in part, rev'd in part, 72 F.3d 13 (2d Cir. 1995). The Plaintiff has not articulated sufficient reasons why these issues could not have been brought to the attention of the court at the beginning of this case. If the court were to grant this motion, discovery would have to be reopened, the dispositive motion deadline extended and the trial rescheduled.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Amend the Complaint to Add Additional Corporate Defendant and Owner is denied.

**IT IS SO ORDERED.**

RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation

Angela B. Cornell, Esquire - Attorney for Plaintiff
K. Lee Peifer, Esquire - Attorney for Plaintiff
John P. Eastham, Esquire - Attorney for Defendant
Charlotte Lamont, Esquire - Attorney for Defendant