**FILED**

IN THE UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO

SEP 0 7 2000

GLENDA M. WILSON,

      Plaintiff,

*R. Butmmach*
CLERK

v.

Civ. No. 99-1166 RLP/DJS

PIONEER WEAR, INC.

      Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Glenda M. Wilson ("Wilson") alleges that her former employer, Defendant Pioneer Wear, Inc. ("Pioneer"), discriminated against her in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 121010 *et seq.* and the New Mexico Human Rights Act, N.M.S.A. § 28-1-1, *et seq.*[1]  Pioneer moved for summary judgment.  For all of the following reasons, Pioneer's motion will be granted.

## BACKGROUND

Pioneer manufactured western wear clothing.  Wilson was hired in 1984 as a seamstress and worked her way up to production manager.  She had received many awards during her tenure at Pioneer and from all appearances was a valued employee. In 1996, Don Tampow ("Tampow") became the owner of Pioneer.  Three years later, beginning in March, 1999, he laid off most of his workers in preparation for shutting down

---

[1]  Section 28-1-7(A) makes it unlawful to discriminate based on "physical . . . handicap or serious medical condition . . . ."  In *Smith v. FDC Corp.*, 787 P.2d 433 (N.M. 1990) the court approved "the evidentiary methodology" utilized by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.* at 436 & n.1.  In her Complaint, Wilson states that violations of the state act and the ADA involved the same operative facts, Complaint [Doc. 1] at ¶ 1.  Thus, disposition of the ADA claim necessarily disposes of the pendent state claim.



operations due to a bleak financial picture. The entire operation was closed by December, 1999. With little or no advance warning, Wilson was terminated on April 23, 1999 when production ceased. Wilson alleges that she suffers from polio polyneuropathy and due to weakness in her extremities frequently requires the use of a wheelchair. She claims that she was terminated because of her disability.

DISCUSSION

A.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only in cases where, looking at the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed.R.Civ.P. 56. The movant bears the burden of establishing that no genuine issue exists as to any material fact. *National Union Fire Ins. Co. v. Emhart Corp.*, 11 F.3d 1524, 1528 (10th Cir. 1993).

Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Thrifty Rent-A-Car Systems, Inc. v. Brown Flight Rental One Corp.*, 24 F.3d 1190, 1194 (10th Cir. 1994). Only material factual disputes preclude summary judgment; factual disputes about immaterial items are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Materiality" is defined by the substantive law. *Id.* Only disputes over facts which are outcome-determinative will preclude entry of summary judgment. *Id.* "Facts" do not include "unsubstantiated allegations," *see Phillips v. Calhoun*, 956 F.2d 949, 951 (10th Cir. 1992), nor "optimistic conjecture, unbridled speculation, or hopeful surmise," *see Vega v.*

2

*Kodak Caribbean, Ltd.,* 3 F.3d 476, 479 (1st Cir. 1993). In sum, Fed.R.Civ.P. 56(c)

requires the court to enter summary judgment against a nonmovant who fails to make a

showing sufficient to establish the existence of an essential element of her case and on

which she will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322

(1986).

## B.   PRIMA FACIE CASE UNDER THE ADA

A plaintiff claiming a violation of the ADA must establish that:

1. she is a disabled person within the meaning of the ADA;
2. she is qualified; i.e., she can, with or without reasonable accommodation perform the essential functions of her job; and
3. the employer terminated her because of her disability.

*Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1174 (10th Cir. 1999) (citing *White v. York Int'l Corp.,* 45 F.3d 357, 360-61 (10th Cir. 1995)).

In reduction-in-force (RIF) cases, the last element is modified and requires the

plaintiff to "'produc[e] evidence, circumstantial or direct, from what a factfinder might

reasonably conclude that the employer intended to discriminate in reaching the decision

at issue.'" *Branson v. Price River Coal Co.,* 853 F.2d 768, 770 (10th Cir. 1988)(quoting

*Williams v. General Motors Corp.,* 656 F.2d 120, 129 (5th Cir. 1981), *cert. denied,* 455 U.S.

943 (1982)); *see also DeLuca v. Winder Inds., Inc.,* 53 F.3d 793, 796 (7th Cir. 1995) (in

RIF cases, plaintiff must prove that employees not in the protected class were treated more

favorably).

Once the plaintiff establishes her prima facie case, the burden shifts to the

defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment

action. Once articulated, the plaintiff bears the burden of showing the reason was

3

pretextual; *i.e.*, unworthy of credence. *Randle v. City of Aurora*, 69 F.3d 441, 450 (10th Cir. 1995). Pretext can be shown by "such weaknesses, implausibilities, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (internal quotation marks and citations omitted).

The court will assume without deciding that Wilson meets the first two elements of her prima facie case. In support of her claim of discharge in violation of the ADA, Wilson states that she advised her employer of her physical condition in late 1998 or early, 1999; that she began using a wheelchair in early April, 1999; that Pioneer did not designate a handicapped parking space for her; that her desk was placed on blocks which were not adequately supported; that her computer keyboard was not raised; that the bathroom was not modified for wheelchair accessability; and that when Pioneer announced its layoffs, she was let go when less-qualified individuals were retained. All of the foregoing, Wilson claims, leads to an inference of discrimination in violation of the ADA and thus should allow her to survive summary judgment.

The court agrees with Pioneer that Wilson's claims concerning its lack of accommodation are largely irrelevant because she was able to do her job without any of these accommodations. Nevertheless, Pioneer's alleged lack of consideration could be taken into account to support an inference of discriminatory animus. The fatal flaw in Wilson's case, however, is her complete failure to produce any evidence that she was treated differently from non-disabled employees in the RIF.

4

In her Complaint, Wilson sets forth the crux of her case:

> When production was discontinued at the plant, all of the plant managers and supervisors were informed by Mr. Tampow . . . in a meeting that they would not be laid off and that they would be offered alternative positions.  Pioneer . . . offered all of the other plant managers alternative positions except Wilson.  The plant supervisors were also offered alternative work in spite of the fact that Wilson was better qualified.

Complaint [Doc. 1], ¶¶ 23-25.[2]

Even if  this assurance was given, it did not come to fruition.  Cutting and sewing line employees began being laid off in March, 1999, all production ceased on April 23, 1999, and all employees were terminated, or let go, or laid off, by December, 1999.  The record establishes that the cutters were laid off first (in March, 1999), then production personnel (April 23, 1999), and then the finishers (April 26, 1999).  Some administrative and technical personnel were kept on to complete the closure (paychecks, inventory, shutting down machinery, etc).

Wilson does not allege that she was qualified for any of these "closing" positions, nor does she contend that Pioneer should have let someone go earlier so that Wilson could have done his or her job.  See Deposition of Glenda Wilson at pp. 33-34, attached as Exhibit A to Pioneer's Memorandum in Support of Motion for Summary Judgment [Doc. 34].  She simply avers that something could have been found for her to do and cites the names of several of her "subordinate" employees who were retained or offered other

---

[2]  Although Wilson calls herself a "plant manager," she was in fact a production manager.  Neither party defines either term, but it is clear from the record before me that a production manager has responsibilities in the production area of the plant, which is where Wilson worked.  By contrast, a "plant manager" generally oversees the entire plant and Wilson makes no claim that she was in charge of all operations at Pioneer.

positions when she was not, although she was more qualified. *See* Plaintiff's Response to Summary Judgment [Doc. 35] at pp. 18-29.

Wilson's claims are refuted by the documents submitted by Pioneer showing these individuals were laid off by Pioneer between April and December, 1999; that their jobs were not analogous; and that Wilson never asked for reassignment or continued retention. *See* Supplemental Affidavit of Don Tampow, attached as Exhibit 1 to Pioneer's Reply Memorandum [Doc. 36], and Exhibits thereto.   Some individuals were retained to shut down the plant.  Other managers and supervisors were laid off at the same time or before Wilson was laid off.   And although Wilson claims that she could have been assigned to outlet or shipping, she does not have any evidence that there were vacancies in these short-term fill-in positions., nor does she allege that she asked Pioneer to be placed in any of these positions.

Even if the court were to assume that Wilson had met her burden of proving a prima facie case, she still could not prevail because the foregoing evidence does not support a finding of pretext.  When the employer advances a legitimate, nondiscriminatory reason for its decision to lay off an employee, "[t]he fact finder may only infer discrimination if [the plaintiff] produces evidence that the [employer's] proffered explanation is pretextual and unworthy of credence." *Doan v. Seagate Technology, Inc.*, 82 F.3d 974, 977 (10th Cir. 1996), *cert. denied*, 519 U.S. 1056 (1997).  "'[M]ere conjecture that [the employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment.'" *Morgan*, 108 F.3d at 1323 (quoting *Branson*, 853 F.3d at 772).  Wilson does not contend that the plant shut-down was pretextual; her claim

6

is that between the time of the first lay-offs and the plant's closure, the reason she wasn't kept on was discriminatory. As shown above, there is simply no evidence to support her belief.

Wilson's case is far different from that in *Butler v. City of Prairie Village*, 172 F.3d 736 (10th Cir. 1999), in which the plaintiff survived summary judgment based on the strength of his circumstantial evidence showing discrimination in an RIF case. Shortly after he advised his supervisors of his disability, his performance reviews began to decline. His supervisors made comments about his inability to complete his work in a timely manner. His complaints of harassment were not investigated with the same thoroughness as were complaints by non-disabled employees. Finally, and perhaps most important, he was the only individual who lost his job in the alleged RIF, with many of his job duties taken over by coworkers shortly after his termination. *Id.* at 749-50. These facts clearly raise an inference of discrimination, whereas Wilson has only offered conjecture and speculation -- insufficient bases on which to deny summary judgment.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. 33] be granted and this case dismissed with prejudice.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

FOR THE PLAINTIFF:    Angela B. Cornell, Esq.

FOR THE DEFENDANT:  Charlotte Lamont, Esq.

7